# Vinson&Elkins

James T. Dawson  jamesdawson@velaw.com
**Tel** +1.202.639.6588  **Fax** +1.202.879.8998

August 15, 2023

**Via CM/ECF**

The Honorable Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, California 94119

Re: *United States v. Montoya* **(No. 21-50129) — Federal Rule of Appellate Procedure 28(j) Letter Concerning the Second Circuit's Decision in** *United States v. Gaye*

Argued and Submitted March 22, 2023

En Banc Panel: Chief Judge Murguia and Judges Rawlinson, Ikuta, Christen, Nguyen, Friedland, R. Nelson, Collins, Sanchez, H. Thomas, and Desai

Dear Ms. Dwyer:

On August 4, 2023, the U.S. Court of Appeals for the Second Circuit issued a precedential opinion in *United States v. Gaye*, --- F.4th ----, No. 22-251, 2023 WL 4982012 (per curiam).  In *Gaye*, the parties agreed that the District Court erred by imposing a term of supervised release that exceeded the statutory maximum, but "disagree[d] about the remedy."  *Id.* at *1.  Mr. Gaye requested a *de novo* resentencing that "would allow the district court to revisit both the prison and supervised release terms," whereas the government argued for a "limited remand to reduce the term of supervised release."  *Id.*

The Court agreed with Mr. Gaye, holding that "*de novo* resentencing is required" when "the reversal of a sentence undoes the entire knot of calculation."  *Id.* at *3.  The government had argued for a "limited remand" because "nothing in the record indicate[d] that the district court would have reduced the length of Gaye's prison term in order to increase his term of supervised release."  *Id.*  The Court rejected that argument, reasoning

**Vinson & Elkins LLP  Attorneys at Law**
Austin  Dallas  Dubai  Houston  London  Los Angeles  New York
Richmond  Riyadh  San Francisco  Tokyo  Washington

2200 Pennsylvania Avenue NW, Suite 500 West
Washington, D.C. 20037
**Tel** +1.202.639.6500  **Fax** +1.202.639.6604  velaw.com



The Honorable Molly C. Dwyer, Clerk   Page 2

that it could not foreclose the possibility that "pulling at the thread of supervised release" would "unravel[] the entire knot of sentencing." *Id.*

*Gaye* supports Ms. Montoya's argument that, if this Court finds error in her sentence, it should remand for a full resentencing so that the District Court can reconsider **both** the custodial term and the supervised release term. *See Montoya* Oral Arg. at 16:48-21:58. Had the District Court heard additional information about Ms. Montoya's circumstances as part of colloquy concerning the "standard" conditions of supervised release (*e.g.*, information about her status as a single mother to five children), it might have crafted a different sentencing "package." And on remand, the District Court could hear additional information regarding Ms. Montoya's favorable conduct while incarcerated. Thus, it is not possible to say "with certainty" that the same custodial term would be imposed on remand; the question of "how to strike the right balance" should be left to the District Court "in the first instance." *Gaye*, 2023 WL 4982012, at *3.

| | |
|---|---|
| Dated:  August 15, 2023 | Respectfully submitted,<br><br>*/s/ James T. Dawson*<br><br>James T. Dawson<br>VINSON & ELKINS LLP<br>2200 Pennsylvania Avenue NW<br>Suite 500 West<br>Washington, D.C. 20037<br>Phone: (202) 639-6588<br>Facsimile: (202) 879-8998<br>Email: jamesdawson@velaw.com<br><br>*Appointed Pro Bono Counsel*<br>*for Appellant Cynthia Montoya* |

CC:   All counsel of record (via CM/ECF)

V&E                                                        The Honorable Molly C. Dwyer, Clerk  Page 3

## **CERTIFICATE OF COMPLIANCE**

1. The undersigned hereby certifies that this letter complies with the volume limitation of Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6 because the body of the letter contains 347 words.

2. This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because this letter has been prepared in a proportionally spaced typeface using Microsoft Office 365 in Times New Roman 14-point font.

Dated: August 15, 2023                            Respectfully submitted,

                                                                */s/ James T. Dawson*

                                                              James T. Dawson
                                                             VINSON & ELKINS LLP
                                                             2200 Pennsylvania Avenue NW
                                                             Suite 500 West
                                                             Washington, D.C. 20037
                                                             Phone: (202) 639-6588
                                                             Facsimile: (202) 879-8998
                                                             Email: jamesdawson@velaw.com

                                                             *Appointed Pro Bono Counsel*
                                                             *for Appellant Cynthia Montoya*

V&E                                                            The Honorable Molly C. Dwyer, Clerk   Page 4

# **CERTIFICATE OF SERVICE**

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that, on August 15, 2023, I electronically filed the foregoing letter with the Clerk of Court for the U.S. Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

Dated: August 15, 2023                     Respectfully submitted,

                                           */s/ James T. Dawson*

                                           James T. Dawson
                                           VINSON & ELKINS LLP
                                           2200 Pennsylvania Avenue NW
                                           Suite 500 West
                                           Washington, D.C. 20037
                                           Phone: (202) 639-6588
                                           Facsimile: (202) 879-8998
                                           Email: jamesdawson@velaw.com

                                           *Appointed Pro Bono Counsel*
                                           *for Appellant Cynthia Montoya*

**2023 WL 4982012**
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

UNITED STATES of America, Appellee,

v.

Sire GAYE, Defendant-Appellant.[*]

No. 22-251
|
August Term, 2022
|
Argued: June 15, 2023
|
Decided: August 4, 2023

**Synopsis**
**Background:** Defendant was convicted on guilty plea in the United States District Court for the Southern District of New York, Colleen McMahon, J., of bank fraud conspiracy and sentenced of two months in prison followed by five years of supervised release. Subsequently, the District Court, McMahon J., revoked supervised release and sentenced defendant to three years in prison and five years of supervised release. Defendant appealed.

**Holdings:** The Court of Appeals held that:

district court plainly erred by imposing three-year prison term and five-year term of supervised release, and

district court's plain error in imposing term of supervised release that exceeded the statutory maximum warranted remand for de novo sentencing.

Remanded.

**Procedural Posture(s):** Appellate Review; Sentencing or Penalty Phase Motion or Objection.

On Appeal from a Judgment of the United States District Court for the Southern District of New York. Colleen McMahon, *Judge*

**Attorneys and Law Firms**

Jeffrey W. Coyle, Assistant United States Attorney (Mary E. Bracewell, Stephen J. Ritchin, Assistant United States Attorneys, on the brief), for Damian Williams, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Lawrence Gerzog, New York, NY, for Defendant-Appellant.

Before: Park, Nardini, and Nathan, Circuit Judges.

**Opinion**

Per Curiam:

**\*1** Sire Gaye, the defendant-appellant, keeps violating his supervised release and getting sent back to prison. The cycle began in 2018, when Gaye pleaded guilty to bank fraud conspiracy and was sentenced to two months in prison followed by five years of supervised release—the maximum term of supervised release allowed by statute for his offense. In 2019, not long after leaving prison, Gaye committed three New York state crimes, so the district court sent him back to prison for six months, to be followed by four years of supervised release. In 2021, Gaye again violated various conditions of his supervised release, and this time the court sentenced him to three years in prison. It also sentenced him to five years of supervised release—but, as the parties now agree, this was too long. A new term of supervised release imposed *after* violations of supervised release cannot be longer than the statutory maximum for the offense (here, five years) less any prison time imposed as a result of those violations. 18 U.S.C. § 3583(h). That means that—in light of the sentence of six months of imprisonment the district court had imposed for the prior violation—for this most recent violation, the district court had, at most, four-and-a-half years to distribute between incarceration and supervised release, no more than three years of which could go toward a prison term. Instead, the district court imposed a cumulative sentence of eight years (three years of incarceration plus five years of supervised release).

Although the parties agree this was error, they disagree about the remedy. Gaye asks for *de novo* resentencing, which would allow the district court to revisit both the prison and supervised release terms. The government consents only to a limited remand to reduce the term of supervised release to eighteen months. We remand for a *de novo* resentencing, so that the district court can exercise its discretion as to how much time Gaye should spend in prison and how much time on supervised release.

**I. Background**

In February 2018, Gaye was indicted for participating in a counterfeit check scheme. The grand jury charged him with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2. Gaye pleaded guilty to the bank fraud charge pursuant to a plea agreement, and the government moved to dismiss the identity theft charge. The United States District Court for the Southern District of New York (Colleen McMahon, *Judge*) sentenced him to two months of imprisonment and a five-year term of supervised release, which was the maximum term of supervised release authorized under 18 U.S.C. §§ 1349, 1344, 3559(a)(2), and 3583(b)(1). The district court also ordered Gaye to pay $16,938.95 in restitution and a $100 special assessment.

It did not take Gaye long to re-offend. In October 2019, after serving his prison term, Gaye admitted violating his supervised release by obstructing governmental administration, in violation of New York Penal Law § 195.05, and by false impersonation, in violation of New York Penal Law § 190.23. Gaye had given a false name to police officers on several occasions, despite having been warned of the consequences of providing such false information. Following Gaye's admissions, the district court revoked his term of supervised release and sentenced him to six months of imprisonment plus a four-year term of supervised release. The court added as a condition of supervised release that Gaye perform twenty hours of community service for every thirty days in which he remained unemployed. The court noted that Gaye kept failing to abide by the conditions of his supervised release and warned him that if he violated his supervised release again, he would be facing the statutory maximum sentence of three years in prison.

**\*2** In 2021, Gaye was again arrested for violating his supervised release. He admitted some of the charges: failing to pay restitution, failing to complete his community service while unemployed, and possessing marijuana. He did not admit other charges, which arose from an incident at an auto repair shop when Gaye became irate and pulled out a gun upon learning that the car would not be fixed as quickly as he liked. When the shop employees called 911, Gaye walked out of the shop and around the corner, hiding the gun in a nearby yard. But the police were tipped off by a neighbor and found the gun (as it turned out, with Gaye's DNA on the grip). After an evidentiary hearing, the district court found three additional charges to have been proved: possessing a loaded firearm, in violation of New York Penal Law § 265.03(1)(b); possessing a large capacity ammunition feeding device, in violation of New York Penal Law § 265.02(8); and menacing in the second degree, in violation of New York Penal Law § 120.14(1).

In the judgment from which Gaye now appeals, the district court revoked Gaye's supervised release and sentenced him to three years in prison and five years on supervised release. The district court noted that these supervised-release violations were not Gaye's first and that restitution was an essential aspect of Gaye's sentence. The district court said that it would impose the new term of supervised release with the goal of keeping Gaye under the supervision of the court until he paid restitution. The court also found that Gaye had violated the conditions of his supervised release "in

a particularly dangerous way" and "shown himself to be absolutely incorrigible." App'x at 100. It concluded that "no sentence less than the statutory maximum would be sufficient to take care of this problem." *Id.*

## II. Discussion

On appeal, Gaye challenges the procedural and substantive reasonableness of his sentence. We review all sentences under a deferential abuse-of-discretion standard. *United States v. Osuba*, 67 F.4th 56, 65 (2d Cir. 2023). To satisfy our procedural review, a trial court may not impose a sentence that exceeds the statutory maximum. *United States v. Rivera*, 799 F.3d 180, 187 (2d Cir. 2015). When a defendant does not contemporaneously object to a term of supervised release, our review is limited to plain error. *See United States v. Rodriguez*, 775 F.3d 533, 536 (2d Cir. 2014). "[A] sentence that exceeds the statutory maximum qualifies as plain error." *United States v. Cadet*, 664 F.3d 27, 33 (2d Cir. 2011). If we conclude that a sentence is not procedurally reasonable, we need not consider whether it was substantively reasonable. *Rivera*, 799 F.3d at 187.

We begin with our procedural review. When a district court revokes a term of supervised release following a violation and imposes a new term of supervised release, "[t]he length of such a term ... shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). The maximum term of supervised release that can be imposed following multiple revocations must be reduced by the aggregate length of all terms of imprisonment imposed following those revocations. *Rodriguez*, 775 F.3d at 534.

We agree with the parties that, paired with the three-year prison term that the court ordered here, it was plain error to also impose a five-year term of supervised release. The maximum term of supervised release authorized for conspiracy to commit bank fraud—the offense that resulted in Gaye's original term of supervised release—was five years. *See* 18 U.S.C. §§ 1349, 1344, 3559(a)(2), 3583(b)(1). The district court had earlier imposed a six-month prison term for the first revocation of Gaye's supervised release, and now imposed a three-year prison term for his second. This adds up to an aggregate of forty-two months in prison "upon revocation of supervised release." 18 U.S.C. § 3583(h); *Rodriguez*, 775 F.3d at 534. Gaye thus faced a new term of supervised release that, in light of the imposed three-year-term of imprisonment, could be no longer than eighteen months—that is, the remaining difference between the sixty-month statutory maximum and the total forty-two months he had been sentenced to prison as a result of violating his supervised release. His new five-year term of supervised release exceeded this remaining cap of eighteen months, and it was therefore plainly erroneous.

**\*3** Although the parties agree there was plain error, they disagree on the remedy. Gaye contends that a remand for *de novo* resentencing is required because it is not clear how the district court would have allocated the terms of imprisonment and supervised release had it understood the

bounds set by § 3583(h). The government, by contrast, advocates for a limited remand with the direction that the district court reduce Gaye's term of supervised release to a term of eighteen months. It argues that the error with respect to the term of supervised release can be corrected without "undo[ing] the sentencing calculation as a whole," Gov't Br. at 18 (quoting *United States v. Quintieri*, 306 F.3d 1217, 1228 n.6 (2d Cir. 2002)). Pointing to the district court's statement that "no sentence less than the statutory maximum would be sufficient," *id.* at 18–19 (quoting App'x at 100), the government contends that nothing in the record indicates that the district court would have reduced the length of Gaye's prison term in order to increase his term of supervised release.

On this point, we agree with Gaye. Although our "default rule" favors a limited remand when we overturn a sentence without vacating an underlying conviction, *United States v. Malki*, 718 F.3d 178, 182 (2d Cir. 2013), we have recognized that, under certain circumstances—including where the reversal of a sentence "undoes the entire knot of calculation"—*de novo* resentencing is required. *Quintieri*, 306 F.3d at 1228 (internal quotation marks omitted). Upon our review of the record, we cannot say with certainty whether pulling at the thread of supervised release unravels the entire knot of sentencing. To be sure, the record fully supported the district court's observation that, by the time of sentencing, Gaye "ha[d] shown himself to be absolutely incorrigible and incapable of following the directions of the Court." App'x at 100. Understandably, the district court reasoned that "no sentence less than the statutory maximum would be sufficient" under the circumstances. *Id.* But the record does not reflect whether that statement referred specifically to the statutory maximum term of imprisonment or the statutory maximum term of supervised release. And the district court elsewhere stated that it was going to make an exception to its normal policy of not reimposing supervised release to follow a lengthy revocation sentence and was imposing "the statutory maximum [term] of supervised release" in order to keep a "thumb right on [Gaye]" until he paid his restitution. *Id.* at 97.

In other words, it was clear that the district court sensibly wanted to order both the longest possible prison sentence and the longest possible period of supervised release. But in the unusual procedural posture of this case—a second violation of supervised release—that choice was a zero-sum affair. Under § 3583(h), the maximum allowable term of supervised release upon revocation decreased in direct proportion to the term of imprisonment imposed. With a three-year prison sentence, Gaye faced at most eighteen months of supervised release. For every month above an eighteen-month term of supervised release, the court would have needed to shave a month off the three-year prison term. Because the district court's comments suggest that it wanted to maximize both the prison term and the supervised release term, we cannot say with confidence how the district court would have resolved this trade-off, particularly given the emphasis the court placed on ensuring Gaye meets his restitution obligations through supervised release. We conclude that the sentencing calculation is best left to the informed discretion of the district court, so that it may decide in the first instance how to strike the right balance. Accordingly, we remand for *de novo* resentencing so that the district court can exercise the full scope of its discretion, within the bounds of § 3583(h). Because we

remand for a full resentencing, we decline to reach Gaye's argument that the sentence imposed was substantively unreasonable. *See Rivera*, 799 F.3d at 187.

### III. Conclusion

**\*4** In sum, we hold that the district court plainly erred by imposing a term of supervised release that exceeded the statutory maximum authorized under 18 U.S.C. § 3583(h). Under the circumstances of this case, *de novo* resentencing is appropriate. We therefore **REMAND** for *de novo* resentencing consistent with this opinion.

**All Citations**

--- F.4th ----, 2023 WL 4982012

## Footnotes

| | |
|---|---|
| \* | The Clerk of Court is respectfully directed to amend the caption as set forth above. |