No. 21-50129

---

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

────

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

v.

**CYNTHIA LEON MONTOYA,**

Defendant-Appellant.

────

**Amicus Curiae Federal Defenders of San Diego, Inc.,
in Support of the Defendant-Appellant's Petition for Rehearing
by the Full Court or Rehearing by the En Banc Panel**

────

Zandra Luz Lopez
Vincent Brunkow
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101
(619) 234-8467
Zandra_Lopez@fd.org
Vince_Brunkow@fd.org
Attorneys for *Amicus Curiae*

TABLE OF CONTENTS

PAGE

STATEMENT OF INTEREST OF AMICUS AND DISCLOSURE STATEMENT.....1

INTRODUCTION.............................................................................................1

ARGUMENT ....................................................................................................4

I.      The en banc opinion's remedial holding is inconsistent with the right it seeks to correct. .................................................... 4

II.     The en banc opinion conflicts with this Court's approach to remand for purposes of striking sentences, including supervised release conditions, not orally pronounced............6

        A.     The remedial holding conflicts with this Circuit's precedent. ...................................................................... 7

        B.     The remedial holding relies on the wrong law. .............9

III.    The en banc opinion conflicts with the Fifth and Tenth Circuits' approach to remand for purposes of striking conditions not orally pronounced creating a circuit split.....11

CONCLUSION ..............................................................................................14

CERTIFICATE OF COMPLIANCE................................................................15

i

# TABLE OF AUTHORITIES

CASES                                                          PAGE(S)

*Concepcion v. United States,*
  142 S. Ct. 2389 (2022)....................................................................3

*Pepper v. United States,*
  562 U.S. 476 (2011) ......................................................................3

*United States v. Aguirre,*
  214 F.3d 1122 (9th Cir. 2000)....................................................2, 5, 7

*United States v. Blinkinsop,*
  606 F.3d 1110 (9th Cir. 2010)...........................................................10

*United States v. Boutin,*
  2022 WL 564656 (9th Cir. Feb. 24, 2022) .............................................9

*United States v. Brollini,*
  2022 WL 3359381 (9th Cir. Aug. 15, 2022)...........................................9

*United States v. Diggles,*
  957 F.3d 551 (5th Cir. 2020)..............................................................13

*United States v. Garcia,*
  37 F.3d 1359 (9th Cir. 1994)...............................................................5

*United States v. Geddes,*
  71 F.4th 1206 (10th Cir. 2023) ...............................................2, 11, 12

*United States v. Hernandez,*
  795 F.3d 1159 (9th Cir. 2015)....................................................2, 8, 14

*United States v. Jackson,*
  167 F.3d 1280 (9th Cir. 1999)............................................................5

*United States v. Jones,*
  696 F.3d 932 (9th Cir. 2012)................................................................8

*United States v. Martinez,*
  47 F.4th 364 (5th Cir. 2022) ........................................................2, 13

*United States v. McAlister,*
  2023 WL 6532387 (10th Cir. Oct. 6, 2023).........................................12

*United States v. Montoya,*
  82 F.4th 640 (9th Cir. 2023) ....................................................*passim*

*United States v. Munoz-Dela Rosa,*
  495 F.2d 253 (9th Cir. 1974)................................................................5

*United States v. Ramos,*
  2023 WL 2853516 (9th Cir. Apr. 10, 2023) ..........................................8

*United States v. Reyes,*
  18 F.4th 1130 (9th Cir. 2021) ........................................................9, 10

*United States v. Rivas-Estrada,*
  906 F.3d 346 (5th Cir. 2018).........................................................12, 13

*United States v. Scruggs,*
  2023 WL 2491291 (9th Cir. Mar. 14, 2023) ..........................................8

*United States v. Unguru,*
  2023 WL 418638 (9th Cir. Jan. 26, 2023) .............................................9

**STATUTES**

18 U..C. § 3006A .....................................................................................1

**RULES**

Fed. R. App. P. 29(a).................................................................................1

Fed. R. App. P. 29(c)(5)..............................................................................1

Fed. R. Crim. P. 43(a)(3)..........................................................................5

Ninth Cir. R. 29-2 ...................................................................................1

**STATEMENT OF INTEREST OF AMICUS AND DISCLOSURE STATEMENT**

Federal Defenders of San Diego, Inc. (FDSDI), represents indigent defendants in the Southern District of California and this Court pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. As the defender organization in a district with a high number of criminal felony cases, FDSDI has an interest in the method by which a court can impose conditions of supervised release and the applicable remedy should the district court error. Amicus curiae believe the outcome of this case will significantly affect their clients' right to challenge erroneous sentencing decisions by the district court on appeal.

Amicus curiae have confirmed that both parties to the case have consented to the filing of this brief. Fed. R. App. P. 29(a); Circuit Advisory Committee Note to Ninth Cir. R. 29-2. No party's counsel authored the brief in whole or in part, and no party or other person contributed money for the preparation or submission of the brief. Fed. R. App. P. 29(c)(5).

**INTRODUCTION**

The current remedial holding—vacatur of the standard conditions and a remand for the "limited" purpose of reconsidering those

1

conditions—cannot stand. *United States v. Montoya*, 82 F.4th 640, 656 (9th Cir. 2023) ("We vacate only the conditions of supervised release that were referred to as the 'standard conditions' in the written sentence but were not orally pronounced.")

There are three reasons why. First, that remedy contravenes the en banc opinion itself. It ignores the longstanding legal principle that an orally pronounced sentence controls. *See United States v. Aguirre*, 214 F.3d 1122, 1125 (9th Cir. 2000). Second, the remedy sets up a new internal Circuit conflict with this Court's established approach: remanding with instructions to strike supervised release conditions that were not orally pronounced. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015). Third, the en banc opinion's remedy squarely conflicts with at least two other courts of appeal. Both the Fifth and Tenth Circuits remedy the exact same error by remanding to strike standard conditions in the written judgment that were not orally pronounced—not, as the en banc opinion does here, to conduct a limited second sentencing. *United States v. Geddes*, 71 F.4th 1206, 1217 (10th Cir. 2023); *United States v. Martinez*, 47 F.4th 364, 367 (5th Cir. 2022).

2

That said, amicus agree with Ms. Montoya that if the Court is to order resentencing, she is entitled to a full resentencing. Among other things, the limited remand remedy is contrary to the Supreme Court's repeated reminder that a resentencing must be based on the defendant's individual circumstances as they exist on the day the defendant stands before the sentencing court. *See Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022); *see also Pepper v. United States*, 562 U.S. 476, 490, 488 (2011) (noting the court must consider "the most up-to-date picture" of the defendant's history and characteristics). But if the Court does not order a full resentencing remedy, this Court should instead vacate all the unpronounced standard conditions of supervised release and remand with instructions to conform the written sentence to the oral sentence.

Amicus thus respectfully supports Ms. Montoya's request that the Court grant rehearing. To avoid a new internal circuit split, as well as a new split between this and other circuits, this Court should modify the en banc opinion's remedial holding. It should either order a full resentencing on remand, or it should remand with instructions to strike the unpronounced discretionary conditions from the written judgment.

3

**ARGUMENT**

## I. The en banc opinion's remedial holding is inconsistent with the right it seeks to correct.

The Court should first grant rehearing because the en banc opinion's remedy does not match up to the right it seeks to protect. The en banc opinion's substantive holding tells us that the orally pronounced sentence is what controls when there is a subsequent inconsistent written judgment. Yet the en banc opinion's remedy creates the opposite result. The remedy here allows for a second oral sentencing for a court to amend its oral pronouncement to reflect the previous written judgment. That cannot be so.

On the merits, the en banc opinion holds that "a district court must orally pronounce all discretionary conditions of supervised release, including those referred to as 'standard' in § 5D1.3(c) of the United States Sentencing Guidelines Manual (Guidelines), in order to protect a defendant's due process right to be present at sentencing." *Montoya*, 82 F.4th at 645–46. It reasons that defendants have a Fifth Amendment due process right to be present when a sentence is imposed. *Id.* at 648. Because a sentence is imposed at the time it is orally pronounced, the defendant "must be physically present when the sentence is orally

4

pronounced." *Id.* (citing *Aguirre*, 214 F.3d at 1125, and Fed. R. Crim. P. 43(a)(3)).

The en banc opinion explains that when this requirement is not met, and the written judgment is inconsistent with the oral pronouncement, it is the oral sentence that controls. It states:

> If there is a conflict between the sentence orally imposed and written judgment, the oral pronouncement, as correctly reported, controls, *Aguirre*, 214 F.3d at 1125, because the only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant, *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974) (per curiam).

*Montoya*, 82 F.4th at 645-46 (cleaned up).

This Court has explained that the pronouncement of a sentence, "even if contrary to the district judge's intent," must control. *United States v. Garcia*, 37 F.3d 1359, 1369 (9th Cir. 1994), *overruled in part on other grounds by United States v. Jackson*, 167 F.3d 1280 (9th Cir. 1999). Thus, the long-established rule that the oral pronouncement controls not only protects the due process of the defendant, but it also promotes finality. *Aguirre*, 214 F.3d at 1126 ("Using the time of the oral pronouncement of the sentence also promotes the goal of finality").

5

But the en banc opinion does not follow these principles when announcing the remedy. Instead, it permits the district court to orally pronounce one sentence, change its mind, alter the sentence in a written judgment, and wait for the appellate court to remand for it to orally pronouncing the written alterations. Because the en banc opinion does not engage with its own substantive holding when evaluating the proper remedy, this Court should grant rehearing to address the en banc opinion's internal inconsistencies.

II.   **The en banc opinion conflicts with this Court's approach to remand for purposes of striking sentences, including supervised release conditions, not orally pronounced.**

This Court should also grant rehearing because the en banc opinion's remedy creates a new internal circuit split. When evaluating the proper remedy, the en banc opinion relies on the wrong law. It states it is relying on "cases where supervised release conditions . . . were not orally pronounced [yet] appeared in a written judgment." *Montoya*, 82 F.4th at 656. It does not. Had it done so, it would have recognized that those cases order the district court to strike the conditions that were not orally pronounced from the judgment. Instead, the en banc opinion confuses this Court's remedial case law, relying on

cases addressing a totally different error: conditions that were orally

pronounced, but had flaws that took place in the defendant's presence.

### A. The remedial holding conflicts with this Circuit's precedent.

The remedial holding is inconsistent with this Court's precedent,

setting up a new split. This Court's cases correct inconsistencies

between the oral pronouncement and the written judgment by

remanding with direction to strike sentences, including supervised

release conditions, that are not orally pronounced.

For example, *Aguirre* not only states that the oral pronouncement

controls, but it spells out that the proper remedy is to strike a

subsequently altered sentence. There, after sentencing, the district

court wrote into the judgment an additional downward departure based

on the absence of a local women's prison facility. *Aguirre*, 214 F.3d at

1125. Because that altered sentence was inconsistent with the orally

pronounced sentence, this Court "vacate[d] the sentence and

remand[ed] for the district court to reinstate the original sentence." *Id*.

at 1128.

Indeed, this Court has repeatedly vacated and remanded for

purposes of striking supervised release conditions that were not orally

pronounced but later appeared in a written judgment. It did so in

*United States v. Jones*, 696 F.3d 932, 937-38 (9th Cir. 2012). Relying on

the principal that the oral pronouncement controls, *Jones* determined

that the remedy was to "remand so the district court can strike [the

condition] from the written judgment to make it consistent with the

court's oral pronouncement of sentence." *Id*. at 938. It did the same

again in *Hernandez*, 795 F.3d at 1169. "As [the Court has] done in the

past, [the *Hernandez* Court] remand[ed] so that the district court can

make the written judgment consistent with the oral pronouncement.'"

*Id*.

This Court has repeatedly continued to remand to the district

court to delete conditions of supervised release from the written

judgment that were not included in the oral pronouncement. *See, e.g.*,

*United States v. Ramos*, No. 21-10184, 2023 WL 2853516, *1 (9th Cir.

Apr. 10, 2023) (unpublished) ("vacat[ing] and remand[ing] so the

district court can make the written judgment consistent with the oral

pronouncement" where the district court imposed a supervised

condition in the written judgment that was not pronounced at the

sentencing hearing); *United States v. Scruggs*, No. 22-10127, 2023 WL

2491291, *2 (9th Cir. Mar. 14, 2023) (unpublished) (same); *United States v. Unguru*, No. 22-10088, 2023 WL 418638, *1 (9th Cir. Jan. 26, 2023) (unpublished) (same); *United States v. Brollini*, No. 20-10376, 2022 WL 3359381, *3 (9th Cir. Aug. 15, 2022) (unpublished) (same); *United States v. Boutin*, No. 20-50324, 2022 WL 564656, *2 (9th Cir. Feb. 24, 2022) (unpublished) (same).

The remedial holding fails to address this Court's long-established case law, setting up a new source of confusion for future cases.

## B. The remedial holding relies on the wrong law.

The en banc opinion suggests that its remedial holding does rely on the approaches found in "cases where supervised release conditions . . . were not orally pronounced [yet] appeared in a written judgment." *Montoya*, 82 F.4th at 656. But that is not true.

Unlike here, the cases relied on in the en banc opinion's remedial holding involved errors made *during* the oral pronouncement of sentence. In *Reyes*, the Court ordered a limited remand to address the district court's "fail[ure] to give notice that it was contemplating imposing its broad search condition prior to imposing that condition in its *oral pronouncement* of sentence." *United States v. Reyes*, 18 F.4th

Case: 21-50129, 11/03/2023, ID: 12819866, DktEntry: 81, Page 15 of 20

1130, 1138 (9th Cir. 2021) (emphasis added). In *Blinkinsop*, the Court

ordered a limited remand because the district court's oral analysis as to

one condition did not resolve if it could be more narrowly tailored.

*United States v. Blinkinsop*, 606 F.3d 1110, 1123 (9th Cir. 2010).

In those cases, the Court's limited remand allowed the district

court to provide further analysis on conditions that were orally

pronounced. The cases did not provide any guidance as to the proper

remedy when a written judgment contains supervised conditions that

were never discussed at sentencing. In fact, in *Reyes*, the Court

specifically stated it was not addressing issues relating to the

discrepancies between the oral and written conditions *See Reyes*,

18 F.4th at 1139 n. 4 (stating that the vacatur of the supervised release

portion of the sentence "moots [Reyes's] remaining arguments that

there are improper discrepancies between the oral and written versions

of some of the other supervised release conditions.").

The reliance on these unrelated cases creates confusion. Does this

remedial holding now overrule cases such as *Jones* and *Hernandez*? Will

this remedial holding now apply to all "cases where supervised release

conditions . . . were not orally pronounced [yet] appeared in a written

10

judgment"? *Montoya*, 82 F.4th at 656. The en banc opinion's reliance on the approach used in cases that involved a different type of error underscores the need for further review of the remedial holding.

**III.    The en banc opinion conflicts with the Fifth and Tenth Circuits' approach to remand for purposes of striking conditions not orally pronounced creating a circuit split.**

Just as it resolves one circuit split, the en banc opinion unintentionally creates a new circuit split. Like this Circuit did in the past, the Fifth and the Tenth Circuits remand with instructions to strike unpronounced conditions.

Unlike the remedy adopted by the en banc court, the Tenth Circuit's "caselaw has consistently held unequivocally that an orally pronounced sentence controls over a judgment and commitment order when the two conflict." *United States v. Geddes*, 71 F.4th 1206, 1217 (10th Cir. 2023) (cleaned up). In *Geddes*, like in Ms. Montoya's case, the district court imposed the "standard" conditions of supervised release without orally pronouncing them at sentencing. *Id.* The Tenth Circuit reversed the "imposition of the . . . standard conditions." *Id.* at 1217. It reasoned that "district courts must orally pronounce discretionary

conditions classified as standard by the sentencing guidelines at sentencing." *Id.* at 1215.

So the Tenth Circuit's remedy was to remand "for the district court to conform to the written judgment to what was orally pronounced." *Id.* at 1217. *See also United States v. McAlister*, No. 23-7003, 2023 WL 6532387, *1 (10th Cir. Oct. 6, 2023) (unpublished) (reversing the imposition of 11 discretionary *standard* conditions of supervised release that were not included in the oral pronouncement and remanding for the district court to conform the written judgment to the orally pronounced sentence).

The Fifth Circuit has also "repeatedly held that if a written judgment clashes with the oral pronouncement, the oral pronouncement controls." *United States v. Rivas-Estrada*, 906 F.3d 346, 350 (5th Cir. 2018). The remedy in the Fifth Circuit is that "any 'unpronounced' special conditions must, upon remand, be stricken from the written judgment." *Id.* at 348.

The Fifth Circuit applied its strike-the-judgment remedy after its own en banc equivalent to this case, *Diggles*. In *Diggles*, the Fifth Circuit clarified that if a condition is discretionary, regardless of

12

whether it is labeled as standard or special, the court must orally pronounce the condition. *United States v. Diggles*, 957 F.3d 551, 561 (5th Cir. 2020) (en banc). Following *Diggles*, the Fifth Circuit then extended the remedy applied in *Rivas-Estrada* to cases where standard supervised release conditions that were not orally pronounced appeared in a written judgment. *United States v. Martinez*, 47 F.4th 364, 368 (5th Cir. 2022) ("remand[ing] for amendment of the written judgment by removing the unpronounced 'standard conditions'").

This Court should grant rehearing to avoid a new circuit split between its remedy and those applied in the Fifth and Tenth Circuits.

## CONCLUSION

For these reasons, Amicus asks that if the Court does not order a full resentencing remedy, the Court should do as it "ha[s] done in the past," and "remand so that the district court can make the written judgment consistent with the oral pronouncement"—by striking the discretionary conditions from the written judgment. *Hernandez*, 795 F.3d at 1169.

Respectfully submitted,

Dated:  November 3, 2023          */s/ Zandra Luz Lopez*
                                  Zandra Luz Lopez
                                  Vincent Brunkow
                                  Federal Defenders of San Diego, Inc.
                                  225 Broadway, Suite 900
                                  San Diego, California 92101-5097
                                  Telephone:  (619) 234-8467
                                  Zandra_Lopez@fd.org
                                  Attorneys for Amici

14

## CERTIFICATE OF COMPLIANCE

### 9th Cir. Case Number 21-50129

I am the attorney.

**This brief contains 2,510 words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ x ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

[ ] it is a joint brief submitted by separately represented parties;

[ ] a party or parties are filing a single brief in response to multiple briefs; or

[ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** */s/ Zandra Luz Lopez*      **Date** November 3, 2023

15